**UNITED STATES of America,**
**Appellee,**

v.

**Bryant RODRIGUEZ, also known as Rubin Rodriguez, also known as Salvador Rodriguez, Defendant–Appellant.**

**No. 05–5276–cr.**

United States Court of Appeals, Second Circuit.

March 23, 2007.

David Meister, Clifford Chance LLP, New York, New York, for Defendant–Appellant.

Steven D. Feldman, Assistant United States Attorney (Maria E. Douvas, Celeste L. Koeleveld, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Bryant Rodriguez appeals his conviction, following a four-day jury trial, of one count of impersonating a federal official in violation of 18 U.S.C. § 912. On appeal, Rodriguez argues that his conviction must be vacated because the district court failed to instruct the jury as to the central theory of his defense despite several requests by defense counsel that the district judge do so. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We have "repeatedly recognized a criminal defendant's right to a charge which reflects the defense theory." *United States v. Durham*, 825 F.2d 716, 718 (2d Cir.1987). But we will vacate a conviction for failure to give a requested instruction only if: (1) the requested instruction represents a theory of defense with basis in the record that would lead to acquittal, (2) the theory is not effectively presented elsewhere in the charge, and (3) the requested instruction is legally correct in every respect. *See United States v. Prawl*, 168 F.3d 622, 626 (2d Cir.1999).

The defendant meets two of these criteria. First, although the defense theory may have seemed implausible, there was a basis in the record for it, and, if accepted by the jury, the theory would have led to acquittal. Most significant, one government witness, Belkis Concepcion, testified that Rodriguez identified himself to her not as an Immigration and Naturalization Service ("INS") official, but rather as a "detective" who "work[ed] for a firm of

lawyers at immigration." Furthermore, there was evidence in the record of direct connections among the witnesses who testified that they were victims of the defendant's alleged impersonation scheme. At least two of the witnesses testified they knew each other from a salon that one of them owned and at which meetings with Rodriguez took place. Two other witnesses each met Rodriguez at the apartment owned by an individual named "Brigitta." And various witnesses testified that, when they had appointments to meet with Rodriguez, they often waited with several other people who were also there to see (or pay) the defendant, indicating that Rodriguez's victims had multiple opportunities to interact with one another. As a result, there was "some foundation" in the record for Rodriguez's defense theory—that Concepcion's testimony indicates that the defendant did not impersonate an INS official with her and that, given the overlaps among the victims, it would have not made sense for Rodriguez to pretend with some of them and not others that he was a federal official. *See United States v. Dove*, 916 F.2d 41, 47 (2d Cir.1990) (holding a defendant "is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court").

In addition, contrary to the government's assertion, the defense theory was not effectively presented to the jury in the charge. The portion of the instructions the government cites as adequately communicating the defense theory merely explains an *element* of the statutory offense—that is, that the defendant must have pretended to be a United States official in order to be convicted of the charged crime. But it does not present the specific defense *theory* that impersonating a federal official with only some victims made no sense. We have held that a "generalized charge" relating to the crime, such as the one given in the portion of the instructions cited by the government, does not cure a district court's failure to instruct the jury on the defendant's specific theory of defense. *United States v. Regan*, 937 F.2d 823, 827 (2d Cir.1991); *see also Dove*, 916 F.2d at 45 (finding "that simply stating that the jury must be convinced beyond a reasonable doubt" was insufficient to remedy the district court's failure to instruct the jury on the theory of defense).

But defendant does not satisfy the third requirement necessary to secure vacatur on the basis of a flawed jury charge—the instruction he proposed was not legally correct in every respect. Rodriguez requested that, after the district court instructed the jury that it "may not base a guilty verdict solely on the testimony of Belkis Concepcion," the court also tell the jury that it "may find [Rodriguez] not guilty on the basis of her testimony alone." Rodriguez contends the requested instruction communicated the defense theory, a theory which he correctly notes is legally accurate. But given the requested instruction's ambiguous wording, it also suggested that the jury members could find Rodriguez not guilty if they determined he had not impersonated a federal officer with Concepcion even if they concluded that he had done so with the other witnesses. That is clearly not correct as a matter of law. Because the requested instruction did not "accurately represent[ ] the law in every respect," we cannot vacate defendant's conviction on the basis of the district court's failure to give it. *See United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir.2005).

The judgment of the district court is therefore **AFFIRMED.**